FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 25 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICE PETERSON,

                Plaintiff,

        -against-

MACY'S,

                Defendant.
------------------------------------------------------------X

ORDER
10-cv-5119(SJF)(WDW)

FEUERSTEIN, J.

On November 3, 2010, *pro se* plaintiff Patrice Peterson ("plaintiff") commenced this employment discrimination action against defendant Macy's ("defendant") pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 - 12117. During a pretrial conference on January 5, 2012, I, *inter alia*, granted defendant's motion to stay this action pending arbitration of plaintiff's claims pursuant to defendant's "Solutions InSTORE" Early Dispute Resolution Rules and Procedures ("the Arbitration Plan"). By decision dated August 9, 2012, following an arbitration hearing on June 6, 2012 and submission of post-hearing briefs, the arbitrator denied and dismissed all of plaintiff's claims. Pending before the Court is plaintiff's motion to vacate the arbitration award. For the reasons set forth below, plaintiff's motion is denied and the complaint is *sua sponte* dismissed in its entirety with prejudice.

I.     Background

     A.     Factual Background

On or about May 18, 2009, plaintiff was hired by defendant to work as a sales associate in its store located in the Roosevelt Field Mall in Garden City, New York. Upon being hired by

1

defendant, plaintiff attended defendant's new hire orientation process, during which, *inter alia*, the value and importance of proper attendance was discussed; received defendant's "Solutions InSTORE" brochure and election form; and electronically signed and acknowledged the New Hire Acknowledgment Form. Defendant's Arbitration Plan provides a four (4)-step process for resolving workplace disputes. The fourth step of the Arbitration Plan mandates binding arbitration of employment-related disputes unless the employee affirmatively opted-out of participation in the arbitration within thirty (30) days from the date of hire. Plaintiff never affirmatively opted-out of participation in binding arbitration for any employment-related disputes.

On or about August 13, 2009, defendant terminated plaintiff's employment for poor attendance. Out of the fifty-eight (58) work shifts to which plaintiff was assigned, she was late twenty-five (25) times and absent fifteen (15) times. Prior to the termination of her employment, plaintiff's manager counseled her regarding her tardiness and absenteeism. Plaintiff did not inform her manager at that time that she had a disability, nor did she ever request an accommodation for her disability.

B.  Procedural History

On November 3, 2010, plaintiff commenced this employment discrimination action against defendant pursuant to the ADA. During a pretrial conference on January 5, 2012, I, *inter alia*, granted defendant's motion to stay this action pending binding arbitration of plaintiff's claims pursuant to the Arbitration Plan. By decision dated August 9, 2012, following an arbitration hearing on June 6, 2012 and submission of post-hearing briefs, the arbitrator denied and dismissed

all of plaintiff's claims. Specifically, the arbitrator found, *inter alia*: that plaintiff did not inform defendant that she needed an accommodation for a disability; that plaintiff's "good performance when at work actually hid the existence of any disability, making her disability non-obvious;" that plaintiff did not take the opportunity to inform her manager that her poor attendance may have been caused by a disability when he counseled her on her attendance; that even if defendant had engaged in an interactive process with plaintiff, "it does not appear there was any reasonable accommodation that could have been made that would have permitted [plaintiff] to perform the essential duties of her job" because "regular and timely attendance at work, in a direct customer-service job, is an essential duty;" that "the ADA does not require the creation of a part-time position as an accommodation;" and that "[b]ased on the record as a whole, * * * no discriminatory acts occurred and [plaintiff] has not proven her claims." (Declaration of Maayan Deker, Ex. A).

Plaintiff now moves to vacate the arbitration award.

II. Discussion

Section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), provides that a federal court may vacate an arbitration award upon the following grounds:

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Although the Supreme Court has held that the grounds for vacatur of an arbitration award set forth in Section 10 of the FAA are exclusive, see Hall Street Associates, L.L.C. v. Mattel,

Inc., 552 U.S. 576, 586, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008), the Second Circuit has held that courts may also vacate an arbitration award if it "was rendered in manifest disregard of the law * * *." Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451-52 (2d Cir. 2011) (alteration in original; quotations and citations omitted); see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 139 (2d Cir. 2007).

"A court reviewing an arbitration award under the FAA 'can confirm and/or vacate the award, either in whole or in part.'" Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) (quoting D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)). However, "[a] court's review of an arbitration award is * * * severely limited * * *, so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Id. at 71-2 (quotations and citations omitted). "[S]trong deference [is] appropriately due arbitral awards and the arbitral process * * *." Id. at 72. The party seeking vacatur of an arbitral award bears the burden of proof and "must clear a high hurdle." Id.; see also STMicroelectronics, N.V. v. Credit Suisse Securities (USA) LLC, 648 F.3d 68, 74 (2d Cir. 2011) ("[T]he showing required to avoid confirmation [of an arbitration award] is very high.") "A motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004).

Moreover, review for "manifest disregard of the law" "is highly deferential to the arbitrators, and relief on such a claim is therefore rare." STMicroelectronics, 648 F.3d at 78 (quotations and citation omitted); see also Wallace, 378 F.3d at 189 ("[M]anifest disregard of law' as applied to review of an arbitral award is a severely limited doctrine. * * * [I]t [is] a doctrine of last resort-its use limited only to those exceedingly rare instances where some

4

egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply. * * * [T]he doctrine gives extreme deference to arbitrators." (quotations and citations omitted)). Courts will not vacate an arbitration award "because of a simple error in law or a failure by the arbitrator[] to understand or apply it but only when a party clearly demonstrates that the [arbitrator] intentionally defied the law." STMicroelectronics, 648 F.3d at 78 (quotations and citations omitted); see also T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010) (holding that the egregious impropriety required to vacate an arbitration award on the grounds of manifest disregard of the law "has been interpreted clearly to mean more than error or misunderstanding with respect to the law * * * or an arguable difference regarding the meaning or applicability of laws urged upon an arbitrator." (alterations, quotations and citations omitted)); Wallace, 378 F.3d at 189 ("An arbitral award may be vacated for manifest disregard of the law only if a reviewing court finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." (alterations, quotations and citations omitted)).

"A federal court cannot vacate an arbitral award merely because it is convinced that the arbitrat[or] * * * made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." Wallace, 378 F.3d at 190 (emphasis in original; quotations and citations omitted); see also T.Co Metals, 592 F.3d at 339. Thus, the "manifest disregard of law doctrine" is confined to "the most egregious instances of misapplication of legal principles." Wallace, 378 F.3d at 190. "[T]he Second Circuit does not recognize manifest disregard of the evidence as a

proper ground for vacating an arbitrator's award * * *[,] [o]nly the doctrine of manifest disregard of the law, which doctrine holds that an arbitral panel's legal conclusions will be confirmed in all but those instances where there is no colorable justification for a conclusion." Id. at 193 (quotations and citation omitted); see also United Paperworkers International Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) ("[C]ourts are not authorized to reconsider the merits of an [arbitration] award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.") "[W]hatever the weight of the evidence considered as a whole, if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." Wallace, 378 F.3d at 193 (alterations, quotations and citation omitted).

Plaintiff has not met her heavy burden of establishing grounds for vacatur of the arbitration award. Plaintiff does not even allege that the award was procured by corruption, fraud, or undue means; that there was evident partiality or corruption in the arbitrator; that the arbitrator was guilty of any misconduct; or that the arbitrator exceeded his powers. Rather, plaintiff essentially disagrees with the arbitrator's decision. However, a party's disagreement with the arbitrator's "assessment of the evidence and [his] conclusions is not sufficient to vacate an arbitration award." Polin v. Kellwood Co., 103 F. Supp. 2d 238, 262 (S.D.N.Y. 2000), aff'd, 34 Fed. Appx. 406 (2d Cir. Apr. 23, 2002); see also Radio and Television Broadcast Engineers Union, Local 1212 v. WPIX, Inc., 716 F. Supp. 777, 780 (S.D.N.Y. 1989), aff'd, 895 F.2d 1411 (2d Cir. Dec. 7, 1989); AmeriCredit Financial Services, Inc. V. Oxford Management Services, 627 F. Supp. 2d 85, 101 (E.D.N.Y. 2008).

Since, *inter alia*, there is more than a "colorable justification" for the arbitrator's

decision, the arbitration award was not rendered in manifest disregard of the law. Accordingly, plaintiff's motion to vacate the arbitration award is denied.

Although defendant does not seek dismissal of the complaint as barred by the doctrine of res judicata, this Court "is nonetheless free to raise [the defense of res judicata] *sua sponte*." Walters v. Industrial and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); see also Arnold v. 1199 SEIU, 420 Fed. Appx. 48, 52 (2d Cir. Apr. 20, 2011) (summary order). Since, *inter alia*, the same parties were involved in both this action and the arbitration and all of the claims plaintiff raises in this action were adjudicated by the arbitrator and denied and dismissed on the merits, the complaint is dismissed in its entirety with prejudice as barred by the doctrine of res judicata. See, e.g. Streit v. Amdocs, Inc., 307 Fed. Appx. 505, 509 (2d Cir. Jan. 20, 2009) (summary order); Siegel v. Daiwa Securities Co. Ltd., 842 F. Supp. 1537, 1541-42 (S.D.N.Y. 1994); Dubois v. Macy's Retail Holdings, Inc., No. 11 cv 4904, 2012 WL 4060586, at * 4 (E.D.N.Y. Sept. 13, 2012).

III. Conclusion

For the foregoing reasons, plaintiff's motion to vacate the arbitration award is denied and the complaint is *sua sponte* dismissed with prejudice as barred by the doctrine of res judicata. The Clerk of the Court shall enter judgment in favor of defendant and close this case.

SO ORDERED.

                 s/ Sandra J. Feuerstein

                 SANDRA J. FEUERSTEIN
                 United States District Judge

Dated: February 25, 2013
   Central Islip, New York